IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 1:17-CR-00544-1 |
| ) | |
| LUIS EDUARDO GONZALEZ-GARCIA, ) | |
| ) | |
| Defendant. ) | |

## MOTION FOR ADDITIONAL DISCOVERY

**NOW COMES,** the Defendant, **LUIS EDUARDO GONZALEZ-GARCIA,** by and through his attorneys, **RICHARD M. BEUKE** and **TIMOTHY M. BLACK**, and pursuant to *Brady v. Maryland*, 373 U.S. 83, 87 (1963), *Giglio v. United States*, 405 U.S. 150 (1972), *Kyles v. Whitley*, 514 U.S. 419, 434 (1995), and their progeny, requests that this Court enter an Order requiring the Government to disclose all information which would tend to be helpful to Mr. Gonzalez-Garcia on the issues of guilt or punishment, or which bears upon the credibility of a government witness. Wherefore, for the reasons stated below, Mr. Gonzalez-Garcia states the following:

1. On August 9, 2017, Mr. Gonzalez-Garcia was charged by Indictment (Doc. 1) in Count 1 with Conspiracy to Possess with Intent to Distribute a Controlled Substance in violation of 21 USC §841(a)(1) and 21 USC §846, in Count 2 with Conspiracy to Import a Controlled Substance in violation of 21 USC §952(a), 21 USC §960(a)(1), and 21 USC §963, in Counts 3 through 7 with Possession with Intent to Distribute a Controlled Substance in violation of 21 USC § 841(a)(1) and 18 USC §2, and in Count 8 with Conspiracy to commit Money Laundering in violation of 18 USC §1956.

2. On July 16, 2018, October 26, 2018, and January 7, 2019, Mr. Gonzalez-Garcia has received discovery from the Government pertaining to this case. Upon review of that voluminous discovery, Mr. Gonzalez-Garcia has determined that various pieces of evidence and information essential to Mr. Gonzalez-Garcia's defense remain outstanding.

3. On February 12, 2019, Mr. Gonzalez-Garcia made a request of the Government for such information.

4. In *Brady v. Maryland*, 373 U.S. 83, 87 (1963), the United States Supreme Court held that due process forbids a prosecutor from suppressing "evidence favorable to an accused upon request where the evidence is material either to guilt or to punishment, irrespective of the good faith or bad faith of the prosecution." *Id.*; *see Giglio v. United States*, 405 U.S. 150 (1972). The Supreme Court sees no difference between exculpatory and impeachment evidence under *Brady*. *Kyles v. Whitley*, 514 U.S. 419, 434 (1995); *Giglio*, 405 U.S. at 150 (1972) (*Brady* doctrine applies to testimonial impeachment information); *United States v. Bagley*, 473 U.S. 667, 676 (1986).

5. In *Kyles v. Whitley*, 514 U.S. 419, 434 (1995), the Court clarified the Government's obligations under *Brady* and its progeny, imposing a Constitutional duty to become informed about available information and to evaluate the cumulative effect of all evidence withheld from the defendant. The prosecution has a duty, then, to disclose any favorable evidence that could be used at trial, and a duty to disclose any favorable evidence that could be used "in obtaining further evidence." *Giles v. Maryland*, 386 U.S. 66, 74 (1967).

6. In this case, for the Government to meet its discovery burden and for Mr. Gonzalez-Garcia to be fully prepared to litigate this matter, the following outstanding evidence and information should be tendered to him without delay:

  a. Any and all reports and agent notes written with respect to the investigation and arrest of Luis Eduardo Gonzalez-Garcia and members of his alleged Drug Trafficking Organization, including but not limited to:

  i. DEA-6 report written by SA Dane Sorensen on February 4, 2013 entitled, *CS Debriefing of [REDACTED] on 01-23-2013 and 2-4-2012 regarding [REDACTED]*, referenced in DEA-6_011_000087;

  ii. DEA-6 report written by SA Dane Sorensen on February 7, 2013 entitled, *Corrective DEA-6*, referenced in DEA-6_011_000087;

  iii. The DEA-6 Report written by Task Force Officer (TFO) Ryan Parker on August 9, 2017, entitled "Indictment of Luis Eduardo GONZALEZ-GARCIA and Members of His Drug Trafficking Organization on August 9, 2017 in Chicago, Illinois";

  iv. Any and all reports and notes from the DEA or the United States Customs and Border Protection (CBP) regarding Supervisory Officer Jose Venegas notifying DEA-Chicago Group 31 that Luis Eduardo Gonzalez-Garcia was in Mexico, as referenced in DEA-6_014-000001-000011;

  v. Any and all reports and notes related to the meeting between DEA-Guatemala SA Douglas Gooch, Department of State employee Felix Martinez, and members of the Guatemalan Sensitive Investigative Unit (SIU) at the Guatemala airport on May 24, 2018;

  vi. Any and all reports and notes related to the SIU team's surveillance of Luis Eduardo Gonzalez-Garcia at the Guatemala airport on May 24, 2018; and,

vii. Any and all reports and notes written by the Office of International Affairs.

viii. Any and all communications between the United States Attorney's Office or any other Government Agency and governmental agencies of Mexico and Guatemala pursuant to Mutual Legal Assistance Treaties, including communications related to the apprehension and arrest of the Defendant.

b. Any and all information related to the hotel stays of arresting agents in Guatemala and in Rosemont, Illinois, including the name and room number of the hotel rooms used.

c. Any and all CBP records related to Luis Eduardo Gonzalez-Garcia.

d. Any and all BlackBerry Messages, Text Messages, WhatsApp Messages, Facebook messages and any other messages sent or received by Luis Eduardo Gonzalez-Garcia, including but not limited to:

i. July 23, 2016 text exchange between (956) 271-5581 (Jesus Arredondo-Alvarez) and (404) 981-9373 containing links to mock Metropoly websites, as referenced in DEA-6_011-000090; and,

ii. BBM conversations from (956) 271-5581 (Jesus Arredondo-Alvarez) purportedly covering the topic of trafficking cocaine, as referenced in DEA-6_011-000090.

e. Unredacted copies of any and all DEA-6 reports directly referencing the Defendant.

f. Disc Numbers 5, 6, 7, 8, 9, 29, 30, 31, 32, 33, 34, 35, and 37, missing from the sequence of discs tendered in the course of discovery.

  g.  All exhibits noted in the tendered reports that have not yet been made available to the defense.

  h.  The exact location on Google Maps that Jesus Arredondo-Alvarez identified as Luis Eduardo Gonzalez-Garcia's residence in Monterrey, Mexico, and the exact coordinates for that residence, as referenced in DEA-66_011-000045.

  i.  Any and all records related to a raid of Luis Eduardo Gonzalez-Garcia's ranch by Mexican Marines, as referenced in DEA-66_011-000045.

  j.  The results of any and all administrative subpoenas served on BlackBerry, including but not limited to the results of the following administrative subpoenas:

    i.  June 2017, requesting all subscriber and account information on BBM PIN numbers 7B725A5A, 7B20421D, 263B0FBE, and 7A8C3E3D, referenced in DEA-6_011-000067;

    ii.  June 15, 2017, requesting subscriber information for BBM PIN number D895F343, referenced in DEA-6_011-000072-000074; and,

    iii.  July 27, 2017, requesting all subscriber and account information for BBM PIN numbers 2BBCE73B and 7BD27E53, referenced in DEA-6_011-000103-000105.

  k.  A copy of any and all photographs of Luis Eduardo Gonzalez-Garcia that were used by TFOs to identify him during interview sessions with alleged members of the alleged Gonzalez-Garcia DTO, including but not limited to:

    i.  Proffer interview of Luis Garcia, as referenced in DEA-6_011-000012;

      ii.      Proffer interview of Jesus Arredondo-Alvarez, as referenced in DEA-6_011-000032, DEA-6_011-000049; and,

      iii.      Post Arrest interview of Ricardo Santamaria on December 10, 2018.

    l.    Any and all information and documentation related to properties owned by Luis Eduardo Gonzalez-Garcia that he sold with the assistance of Luis Garcia after Luis Eduardo Gonzalez-Garcia left Chicago, as referenced in DEA-6_011-000012.

    m.    Any and all Treasury Enforcement Communication Systems (TECS) queries for alleged members of the alleged Gonzalez-Garcia DTO, including but not limited to:

      i.      TECS query for Timothy Stalka; and,

      ii.      TECS query for Augustin Patricio.

    n.    Any and all Financial Crimes Enforcement Network (FinCEN) database queries for alleged members of the alleged Gonzalez-Garcia DTO, including but not limited to:

      i.      Augustin Patricio; and,

      ii.      Hazardz Inc.

    o.    American Airlines travel records for Augustin Patricio, Jesus Arredondo-Alvarez, and Luis Garcia.

    p.    Any and all reports related to the May 18, 2016 arrest of Jose Antonio Vivanco-Hernandez by the Hidalgo County Sheriff's Office in Hidalgo County, Texas for possession of cocaine, including but not limited to:

      i.      [REDACTED] interview report with United States Customs and Border Protection Officer Norma Grimes on May 27, 2016 under event number BRO1605000168, as referenced in DEA-6_011-000017; and,

      ii.      Any and all reports related to the deportation of Jose Antonio Vivanco-Hernandez to Mexico by CBP in July 2016.

q.      Microsoft Excel documents recovered from search of Hazardz Inc. on August 11, 2016, saved as "OFFICE 2 March 2016," "OFFICE 2 APRIL 2016," and "OFFICE 2 May 2016," as referenced in DEA-6_-011-000014.

r.      Any and all WhatsApp conversations on Consensual CS Phone 2 (936) 256-0595.

s.      CBP incident report number 2017AR002338 501, related to the arrest of Jesus Arredondo-Alvarez.

t.      The contents of the following telephones recovered from Jesus Arredondo-Alvarez and later downloaded and submitted into electronic case management, as referenced in DEA-6_011-000037:

      i.      (956) 429-1498;

      ii.      (956) 271-5581; and,

      iii.      (830) 212-9001.

u.      A copy of the "hierarchy chart" of the alleged Gonzalez-Garcia DTO hand-drawn by Jesus Arredondo-Alvarez during his proffer interview, as referenced in DEA-6_011-000055.

v.      Any and all information about cases for which Jesus Arredondo-Alvarez was a DEA CS on and after June 14, 2012, including any testimony provided by the CS,

and the DEA-6 written by SA James Gerros on June 25, 2012, under file number [REDACTED], as referenced in DEA-6_011-000079.

    w.    Any and all information related to the plea and sentencing of James Amburgey under case number 16-CR-00716, including but not limited to the proffer agreement, the plea agreement, and the presentence report in that case.

    x.    Any and all reports, including the criminal history inquiry itself, regarding the following arrests of [REDACTED], as referenced in DEA-6_011-000094:

        i.    October 17, 1990 in McAllen, Texas for DUI; and,

        ii.    July 14, 1995 in Louisiana for possession of marijuana.

    y.    Any and all DEA-6 reports related to the August 21, 2014 seizure of 3.5kg of suspected heroin from Jose Patricio's residence in Chicago, Illinois, including but not limited to DEA-6 written by SA Yusuf Norris on August 22, 2014, entitled *Acquisition of Exhibit 1, 2, N-1, N-2, N-3, N-4, N-5 from 4701 North Monticell o Ave #6, Chicago IL , on 08-21 -2014* referenced in DEA-6_011-000108.

    z.    Any and all reports related to the arrest of Oscar de la Cruz, including but not limited to the DEA-6 written by SA Matthew Desaracho under file number M5-16-20106 on May 7, 2018, entitled "*Arrest of Oscar DE LA CRUZ on May 4, 2018 in Pharr, TX*."

    aa.    Any and all plea agreements and proffer agreements offered to any of the potential witnesses in this matter;

        i.    The untranslated transcript of all translated text communications provided to this date, and provided in the future.

      bb.    Reports related to collection of the following exhibits, and where practicable, a copy of all exhibits named and unnamed below:

        i.    Exhibits 1 through 5, 8, and 9; and,

        ii.    Exhibits N-2 through N-24, N-32, N-43, N-44, N-49 through N-51, N-71 through N-89, N-92 through N-101, N-119 through N-151, N-153 through N-210, N-215 through N-231, and N-233.

7.    Mr. Gonzalez-Garcia respectfully requests that the Court's Order specify that the Government is under a continuing obligation to furnish all evidence that comes to its attention during the preparation and trial of this case. Further, Mr. Gonzalez-Garcia requests that this information be tendered far in advance of trial to allow effective assistance of counsel, pursuant to the Sixth Amendment.

8.    The specificity with which the above information is requested follows the decisions of the United States Supreme Court in *Agurs v. United States*, 427 U.S. 97 (1976) and *Bagley*, *supra*,. In those cases, while enunciating the standard of review to be applied to cases involving nondisclosure of favorable evidence, the Court made a distinction between cases in which specific requests for such information were made prior to trial and cases in which general requests (or no requests at all) were made. In *Bagley*, for example, the Court held that the test for materiality of such non-disclosed evidence is the same whether specifically requested or not; *i.e.*, the evidence is material only if there is a reasonable probability that, had the evidence been disclosed to the defense, the result of the proceeding would have been different. However, the Court in *Bagley* recognized that "the more specifically the defense requests certain evidence, thus putting the prosecutor on notice of its value, the more reasonable it is for the defense to assume from the non-disclosure that the evidence does not exist, and to make pretrial and trial

decisions on the basis of this assumption." *Bagley*, 473 U.S. at 682-683. Therefore, pursuant to the Court's admonition, "[t]he reviewing court should assess the possibility that [the preparation or presentation of the defendant's case may have been adversely affected] in light of the totality of the circumstances and with the awareness of the difficulty of reconstructing in a post-trial proceeding the course that the defense and the trial would have taken had the defense not been misled by the prosecutor's incomplete response." *Id.* at 683.

**WHEREFORE**, Mr. Gonzalez-Garcia asks this Court, pursuant to *Brady v. Maryland*, 373 U.S. 83, 87 (1963), *Giglio v. United States*, 405 U.S. 150 (1972), *Kyles v. Whitley*, 514 U.S. 419, 434 (1995), and their progeny to enter an Order requiring the Government to disclose all information which would tend to be helpful to him on the issues of guilt or punishment, or which bears upon the credibility of a government witness.

Respectfully submitted,

/s/ Richard M. Beuke
Richard M. Beuke
Attorney for the Defendant,
Luis Eduardo Gonzalez-Garcia

/s/ Timothy M. Black
Timothy M. Black
Attorney for the Defendant,
Luis Eduardo Gonzalez-Garcia

**RICHARD M. BEUKE**
115 W. 55th Street, Suite 400
Clarendon Hills, Illinois  60514
(312) 427-3050 – phone
(312) 427-1215 – fax

**TIMOTHY M. BLACK**
713 Devon Avenue
Park Ridge, Illinois  60068
(847) 696-7185 – phone
(847) 696-7182 – fax

## **CERTIFICATE OF SERVICE**

      I, Timothy M. Black, Attorney at Law, hereby certify that Defendant's Motion for Additional Discovery was served on February 12, 2019, in accordance with Federal Rule of Criminal Procedure 49, Federal Rule of Civil Procedure 5, Local Rule 5.5, and the General Order on Electronic Case Filing (ECF) pursuant to the District Court's system for ECF filers.

                                                          /s/ Timothy M. Black
                                                          Timothy M. Black
                                                          713 Devon Avenue
                                                          Park Ridge, Illinois  60068
                                                          (847) 696-7185 – phone
                                                          (847) 696-7182 – fax