UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| UNITED STATES OF AMERICA | |
|---|---|
| v. | No. 17 CR 544 |
| LUIS EDUARDO GONZALEZ GARCIA | Hon. Ronald A. Guzman |

**GOVERNMENT's RESPONSE TO DEFENDANT'S MOTION FOR ADDITIONAL DISCOVERY**

The UNITED STATES OF AMERICA, by and through its attorney, JOHN R. LAUSCH, JR., United States Attorney for the Northern District of Illinois, respectfully submits this response to defendant's Motion for Additional Discovery.

I. **PRELIMINARY MATTERS**

The government is aware of, has abided by, and will continue to abide by all of its discovery obligations, including those arising under Rule 16; *Brady v. Maryland*, 373 U.S. 83 (1967); *Giglio v. United States,* 405 U.S. 150 and 18 U.S.C. § 3500. After exercising due diligence, the government is aware of no exculpatory evidence that has not been produced to the defendant. Any materials covered by *Giglio* and/or 18 U.S.C. § 3500 that the government has not already produced will be produced no later than two weeks before trial.

## II. DEFENDANT'S ENUMERATED REQUESTS

For ease of reference, the government has copied the enumerated discovery requests contained in defendant's motion, and provides an individualized response to each request in bold and italics:

a. Any and all reports and agent notes written with respect to the investigation and arrest of Luis Eduardo Gonzalez-Garcia and members of his alleged Drug Trafficking Organization, including but not limited to:

i. DEA-6 report written by SA Dane Sorensen on February 4, 2013 entitled, *CS Debriefing of [REDACTED] on 01-23-2013 and 2-4-2012 regarding [REDACTED]*, referenced in DEA-6_011_000087.

***This is a report regarding a witness statement. To the extent that it implicates the government's obligations under 18 U.S.C. § 3500 or Giglio v. United States, the report will be turned over no later than 2 weeks before trial.***

ii. DEA-6 report written by SA Dane Sorensen on February 7, 2013 entitled, *Corrective DEA-6*, referenced in DEA-6_011_000087;

***This is a report regarding a witness statement. To the extent that it implicates the government's obligations under 18 U.S.C. § 3500 or Giglio v. United States, the report will be turned over no later than 2 weeks before trial.***

iii. The DEA-6 Report written by Task Force Officer (TFO) Ryan Parker on August 9, 2017, entitled "Indictment of Luis Eduardo GONZALEZ-GARCIA and Members of His Drug Trafficking Organization on August 9, 2017 in Chicago, Illinois";

***This is an administrative report that simply reflects that a grand jury returned an indictment against the defendant. The government will turn this over promptly.***

iv. Any and all reports and notes from the DEA or the United States Customs and Border Protection (CBP) regarding Supervisory Officer Jose Venegas notifying DEA-Chicago Group 31 that Luis Eduardo Gonzalez-Garcia was in Mexico, as referenced in DEA-6_014-000001-000011;

***The government does not have the requested materials, or has turned over all such material in its possession.***

v. Any and all reports and notes related to the meeting between

DEA-Guatemala SA Douglas Gooch, Department of State employee Felix Martinez, and members of the Guatemalan Sensitive Investigative Unit (SIU) at the Guatemala airport on May 24, 2018;

*__The government does not have the requested materials, or has turned over all such material in its possession.__*

   vi. Any and all reports and notes related to the SIU team's surveillance of Luis Eduardo Gonzalez-Garcia at the Guatemala airport on May 24, 2018; and,

*__The government does not have the requested materials, or has turned over all such material in its possession.__*

   vii. Any and all reports and notes written by the Office of International Affairs.

*__No such material exists. If such material did exist, it would be non-discoverable attorney work product.__*

   viii. Any and all communications between the United States Attorney's Office or any other Government Agency and governmental agencies of Mexico and Guatemala pursuant to Mutual Legal Assistance Treaties, including communications related to the apprehension and arrest of the Defendant.

*__No such communications exist.__*

  b. Any and all information related to the hotel stays of arresting agents in Guatemala and in Rosemont, Illinois, including the name and room number of the hotel rooms used.

*__It is the government's position that the material requested in this paragraph is not relevant and/or is otherwise outside the scope of the government's discovery obligations. The government respectfully declines to produce it absent an articulable basis from the defense or a Court order.__*

  c. Any and all CBP records related to Luis Eduardo Gonzalez-Garcia.

*__This request is overly broad. Any CBP records that are relevant and within the scope of the government's discovery obligations have been produced.__*

  d. Any and all BlackBerry Messages, Text Messages, WhatsApp Messages, Facebook messages and any other messages sent or received by Luis Eduardo Gonzalez-Garcia, including but not limited to:

   i. July 23, 2016 text exchange between (956) 271-5581 (Jesus

Arredondo-Alvarez) and (404) 981-9373 containing links to mock Metropoly websites, as referenced in DEA-6_011-000090; and,

      ii.    BBM conversations from (956) 271-5581 (Jesus Arredondo-Alvarez) purportedly covering the topic of trafficking cocaine, as referenced in DEA-6_011-000090.

*The government has already turned over much of this material, including the specific communications cited at sub-paragraphs (d)(i.) and (d)(ii.) (the government will reproduce these materials if the defense cannot locate them). The government is in the process of downloading and analyzing materials on approximately 15 co-conspirator phones that may contain relevant and discoverable materials. The government will produce these materials digitally in the coming weeks. Prior to that time, all phones are available for physical inspection.*

    e.    Un-redacted copies of any and all DEA-6 reports directly referencing the Defendant.

*The referenced redactions relate to sensitive personal identifying information to which the defendant is not entitled. The government respectfully declines to provide un-redacted reports at this time absent an articulable basis from the defense or a Court order.*

    f.    Disc Numbers 5, 6, 7, 8, 9, 29, 30, 31, 32, 33, 34, 35, and 37, missing from the sequence of discs tendered in the course of discovery.

*These discs contain materials that are not relevant to this defendant.*

    g.    All exhibits noted in the tendered reports that have not yet been made available to the defense.

*The government will reissue all relevant reports with all attached exhibits. All pieces of physical evidence referenced in reports are available for inspection by defense counsel.*

    h.    The exact location on Google Maps that Jesus Arredondo-Alvarez identified as Luis Eduardo Gonzalez-Garcia's residence in Monterrey, Mexico, and the exact coordinates for that residence, as referenced in DEA-66_011-000045.

*The government will promptly produce this material.*

    i.    Any and all records related to a raid of Luis Eduardo Gonzalez-Garcia's ranch by Mexican Marines, as referenced in DEA-66_011-000045.

*The government does not have the requested materials, or has turned*

*over all such material in its possession.*

j. The results of any and all administrative subpoenas served on BlackBerry, including but not limited to the results of the following administrative subpoenas:

    i. June 2017, requesting all subscriber and account information on BBM PIN numbers 7B725A5A, 7B20421D, 263B0FBE, and 7A8C3E3D, referenced in DEA-6_011-000067;

    ii. June 15, 2017, requesting subscriber information for BBM PIN number D895F343, referenced in DEA-6_011-000072-000074; and,

    iii. July 27, 2017, requesting all subscriber and account information for BBM PIN numbers 2BBCE73B and 7BD27E53, referenced in DEA-6_011-000103-000105.

***The government will promptly produce the material requested in this paragraph.***

k. A copy of any and all photographs of Luis Eduardo Gonzalez-Garcia that were used by TFOs to identify him during interview sessions with alleged members of the alleged Gonzalez-Garcia DTO, including but not limited to:

    i. Proffer interview of Luis Garcia, as referenced in DEA-6_011-000012;

    ii. Proffer interview of Jesus Arredondo-Alvarez, as referenced in DEA-6_011-000032, DEA-6_011-000049; and,

    iii. Post Arrest interview of Ricardo Santamaria on December 10, 2018.

***The government will promptly produce the material requested in this paragraph.***

l. Any and all information and documentation related to properties owned by Luis Eduardo Gonzalez-Garcia that he sold with the assistance of Luis Garcia after Luis Eduardo Gonzalez-Garcia left Chicago, as referenced in DEA-6_011-000012.

***The government will promptly produce the material requested in this paragraph.***

m. Any and all Treasury Enforcement Communication Systems (TECS)

queries for alleged members of the alleged Gonzalez-Garcia DTO, including but not limited to:

      i.      TECS query for Timothy Stalka; and,

      ii.     TECS query for Augustin Patricio.

*It is the government's position that the material requested in this paragraph is not relevant and/or is otherwise outside the scope of the government's discovery obligations. The government respectfully declines to produce the material absent an articulable basis from the defense or a Court order.*

    n.     Any and all Financial Crimes Enforcement Network (FinCEN) database queries for alleged members of the alleged Gonzalez-Garcia DTO, including but not limited to:

      i. Augustin Patricio; and,

      ii. Hazardz Inc.

*It is the government's position that the material requested in this paragraph is not relevant and/or is otherwise outside the scope of the government's discovery obligations. The government respectfully declines to produce the material absent an articulable basis from the defense or a Court order.*

    o.     American Airlines travel records for Augustin Patricio, Jesus Arredondo-Alvarez, and Luis Garcia.

*The government will promptly produce all requested travel records in its possession.*

    p.     Any and all reports related to the May 18, 2016 arrest of Jose Antonio Vivanco-Hernandez by the Hidalgo County Sheriff's Office in Hidalgo County, Texas for possession of cocaine, including but not limited to:

      i.     [REDACTED] interview report with United States Customs and Border Protection Officer Norma Grimes on May 27, 2016 under event number BRO1605000168, as referenced in DEA-6_011-000017; and,

      ii.    Any and all reports related to the deportation of Jose Antonio Vivanco-Hernandez to Mexico by CBP in July 2016.

*It is the government's position that, at this time, the material requested in this paragraph is not relevant and/or is otherwise outside the*

*scope of the government's discovery obligations. The government respectfully declines to produce it absent an articulable basis from the defense or a Court order. The government will produce these materials no later than two weeks prior to trial if they become discoverable under 18 U.S.C. § 3500 and/or Giglio v. United States.*

  q. Microsoft Excel documents recovered from search of Hazardz Inc. on August 11, 2016, saved as "OFFICE 2 March 2016," "OFFICE 2 APRIL 2016," and "OFFICE 2 May 2016," as referenced in DEA-6_-011-000014.

***The government will promptly produce the material requested in this paragraph.***

  r. Any and all WhatsApp conversations on Consensual CS Phone 2 (936) 256-0595.

***The government will promptly produce the material requested in this paragraph.***

  s. CBP incident report number 2017AR002338 501, related to the arrest of Jesus Arredondo-Alvarez.

***The government will promptly produce the material requested in this paragraph.***

  t. The contents of the following telephones recovered from Jesus Arredondo-Alvarez and later downloaded and submitted into electronic case management, as referenced in DEA-6_011-000037:

    i. (956) 429-1498;

    ii. (956) 271-5581; and,

    ii. (830) 212-9001.

***The government is in the process of downloading and examining the contents of multiple phones that belonged to Jesus Arredondo-Alvarez. All discoverable materials from the phones will be produced within the coming weeks. All phones are available for in-person inspection prior to production.***

  u. A copy of the "hierarchy chart" of the alleged Gonzalez-Garcia DTO hand-drawn by Jesus Arredondo-Alvarez during his proffer interview, as referenced in DEA-6_011-000055.

***The government will promptly produce the material requested in this***

*paragraph.*

v. Any and all information about cases for which Jesus Arredondo-Alvarez was a DEA CS on and after June 14, 2012, including any testimony provided by the CS,
and the DEA-6 written by SA James Gerros on June 25, 2012, under file number [REDACTED], as referenced in DEA-6_011-000079.

*It is the government's position that, at this time, the material requested in this paragraph is not relevant and/or is otherwise outside the scope of the government's discovery obligations. The government respectfully declines to produce it absent an articulable basis from the defense or a Court order. The government will produce these materials no later than two weeks prior to trial if they become discoverable under 18 U.S.C. § 3500 and/or Giglio v. United States.*

w. Any and all information related to the plea and sentencing of James Amburgey under case number 16-CR-00716, including but not limited to the proffer agreement, the plea agreement, and the presentence report in that case.

x. Any and all reports, including the criminal history inquiry itself, regarding the following arrests of [REDACTED], as referenced in DEA-6_011-000094:

    i. October 17, 1990 in McAllen, Texas for DUI; and,

    ii. July 14, 1995 in Louisiana for possession of marijuana.

y. Any and all DEA-6 reports related to the August 21, 2014 seizure of 3.5kg of suspected heroin from Jose Patricio's residence in Chicago, Illinois, including but not limited to DEA-6 written by SA Yusuf Norris on August 22, 2014, entitled *Acquisition of Exhibit 1, 2, N-1, N-2, N-3, N-4, N-5 from 4701 North Monticello Ave #6, Chicago IL , on 08-21 -2014* referenced in DEA-6_011-000108.

*It is the government's position that the material requested in this paragraph is not relevant and/or is otherwise outside the scope of the government's discovery obligations. The government respectfully declines to produce the material absent an articulable basis from the defense or a Court order.*

z. Any and all reports related to the arrest of Oscar de la Cruz, including but not limited to the DEA-6 written by SA Matthew Desaracho under file number M5-16-20106 on May 7, 2018, entitled "*Arrest of Oscar DE LA CRUZ on May 4, 2018 in Pharr, TX.*"

*It is the government's position that the material requested in this*

*paragraph is not relevant and/or is otherwise outside the scope of the government's discovery obligations. The government respectfully declines to produce the material absent an articulable basis from the defense or a Court order.*

aa.     Any and all plea agreements and proffer agreements offered to any of the potential witnesses in this matter;

*To the extent that this material is discoverable under 18 U.S.C. § 3500 and/or Giglio v. United States, the government will produce it no later than two weeks before trial.*

i [*sic*]. The untranslated transcript of all translated text communications provided to this date, and provided in the future.

*The government will promptly produce the material requested in this paragraph.*

bb.     Reports related to collection of the following exhibits, and where practicable, a copy of all exhibits named and unnamed below:

i.     Exhibits 1 through 5, 8, and 9; and,

ii.    Exhibits N-2 through N-24, N-32, N-43, N-44, N-49 through N-51, N-71 through N-89, N-92 through N-101, N-119 through N-151, N-153 through N-210, N-215 through N-231, and N-233.

*No separate reports regarding the collection of these exhibits exist. All materials have already been produced or are available for inspection.*

    Respectfully Submitted,

    JOHN R. LAUSCH, JR.
    United States Attorney

By:     /s/ *Sean J.B. Franzblau*
    Sean J.B. Franzblau
    Kathryn Malizia
    Assistant United States Attorneys
    219 S. Dearborn St., 5th Floor
    Chicago, Illinois 60604
    (312) 353-5305